# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LARRY ARNOLD YOUNG,**

    **Plaintiff,**

v.                          CIVIL ACTION NO. 1:05CV55
                               (Judge Keeley)

**MIKE SMITH, F/S/ Supervisor,**

    **Defendant.**

## ORDER AFFIRMING REPORT AND RECOMMENDATION

On March 23, 2005, the *pro se* plaintiff, Larry Arnold Young ("Young"), an inmate at FCI-Morgantown, filed a motion for preliminary injunction requesting the Court to restrain the defendant, Mike Smith ("Smith"), the p.m. food service personnel supervisor at FCI-Morgantown, from "singling plaintiff out; discriminating against; harassing; threatening; assaulting; and making degrading false accusations against plaintiff in front of almost the entire food service personnel." (Doc. No. 1 at 1.) Young's motion for preliminary injunction was filed as a complaint in a prisoner's civil rights action. On September 19, 2005, United States Magistrate Judge John S. Kaull issued a Report and Recommendation ("R&R"), recommending that Young's Bivens action for injunctive relief be dismissed without prejudice for failure to exhaust administrative remedies. (Doc. No. 17.) Eleven days later, on September 30, 2005, Young filed objections ("Objections") to the R&R. (Doc. No. 18.) For the

following reasons, the Court **AFFIRMS** the Magistrate Judge's R&R and **DISMISSES WITHOUT PREJUDICE** Young's Bivens complaint.

## I. BACKGROUND

Young's complaint alleges that on March 14, 2005, he was involved in a confrontation with Smith. Specifically, as Young and other food service personnel exited the dining room that evening, they were subject to a "shakedown" conducted by Smith. While several inmates passed Smith without incident, Smith stopped Young, emptied Young's smock, discovered a hair net and a small piece of dried tortilla shell, accused Young of stealing food, and proceeded to pound Young "on the top . . . and then on both sides of [his] head undoubtedly checking [his] toboggan and at the same time causing excruciating pain and anguish." (Doc. No. 1.)

## II. DISCUSSION

A Bivens action brought by a federal inmate, like a 42 U.S.C. § 1983 action brought by a state prisoner, is subject to exhaustion of administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"). Porter v. Nussle, 534 U.S. 516, 524 (2002). The portion of the PLRA codified as 42 U.S.C. § 1997e, "Suits by prisoners," states in subdivision (a):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Thus, the PLRA's exhaustion requirement for prisoner suits "with respect to prison conditions" is mandatory at both the state and federal levels. Booth v. Churner, 532 U.S. 731, 741 (2001). Further, and while there is no statutory definition of the phrase suits "with respect to prison conditions," the United States Supreme Court in Porter held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." 534 U.S. at 532.

In this case, Young's Bivens action in the form of a motion for preliminary injunction is an inmate suit about prison life. As such, the PLRA's exhaustion requirement applies to Young's claim. Thus, before this Court may weigh the substance of his claim, Young must exhaust all the administrative processes for redress available through the Bureau Of Prisons ("BOP"). As obviated by the Magistrate Judge's inquiry, he has not.

The BOP provides a four-step administrative process for the redress of inmate grievances. At each step, the complaining inmate must fill out the appropriate form for the airing of his grievance. The first step is to seek informal resolution from the prison staff (BP-8). To take the second step, the inmate must file a formal written Administrative Remedy Request (BP-9) with the warden. Third, an appeal may be made to the regional

director of the BOP (BP-10). Finally, the fourth step is to file an appeal with the office of General Counsel (BP-11). 28 C.F.R. § 542.10-542.15.

Here, Young filed a BP-8 seeking informal resolution of his claim. While Young argues he has received no resolution of his claim from step one of the BOP's administrative process, there is no evidence that he has made any attempt to seek redress of his grievance by steps two through four. As such, "a district court must dismiss actions containing unexhausted claims so that the prison can either resolve the issue on its own, or create a more complete record for the district court to examine when reviewing the prison official's decision." Cline v. Fox, 282 F. Supp.2d 490, 494 (N.D. W.Va. 2003)(Keeley, DJ). Thus, the Court **FINDS** Young has failed to exhaust the administrative processes for redress available to him, **DENIES** Young's motion for preliminary injunction, and **ORDERS** Young's Bivens action **DISMISSED WITHOUT PREJUDICE**.

The Clerk is directed to mail a copy of this Order to the pro se plaintiff, the defendant and all appropriate agencies. Dated: November  8 , 2005.

                                                                     IRENE M. KEELEY
                                                                     UNITED STATES DISTRICT JUDGE